**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Michael S. Sayen,<br><br>               Plaintiff,<br><br>v.<br><br>Gary R. Schurrer, John C. Hoffman,<br>and Tad V. Jude, all in their individual<br>capacities,<br><br>               Defendants. | Case No. 18-cv-3417 (NEB/HB)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Michael S. Sayen, 1167 North Shore Drive #101, Forest Lake, MN 55025, pro se

Kathryn I. Landrum, Minnesota Attorney General's Office, Suite 1100, 445 Minnesota Street, St. Paul, MN 55101, for Gary R. Schurrer, John C. Hoffman, and Tad V. Jude

HILDY BOWBEER, United States Magistrate Judge

      This matter is before the Court on Defendants Gary R. Schurrer, John C. Hoffman, and Tad V. Jude's Motion to Dismiss [Doc. No. 9]; and Plaintiff Michael S. Sayen's Motion to Suspend Criminal Cases of Harassment Restraining Order Associated with Case Until Completion of Federal Lawsuit [Doc. No. 6]. The motions were referred to this Court for report and recommendation by the Honorable Nancy E. Brasel in an Order of Reference dated January 17, 2019 [Doc. No. 16].

**I.    Background**

      Plaintiff Michael S. Sayen is suing state court judges Gary R. Schurrer, John C. Hoffman, and Thaddeaus V. Jude in their individual capacities, challenging several orders entered in state-court marital dissolution and child custody proceedings. (Compl.

¶¶ 7–10 [Doc. No. 1].)  On July 27, 2017, Judge Schurrer entered Findings of Fact, Conclusions of Law, Order for Judgment, and Judgment and Decree ("Judgment and Decree") in Washington County District Court, dissolving Plaintiff's marriage, awarding his ex-wife sole legal and physical custody of their child, and setting the amount and conditions of visitation and child support.  (*See* Landrum Aff. Ex. B [Doc. No. 13-1].)[1] On October 29, 2018, Judge Jude granted a petition for an ex parte harassment restraining order ("HRO") filed by Plaintiff's ex-wife.  (Landrum Aff. Ex. G.)  On November 15, 2018, after a hearing on the petition, Judge Hoffman issued an HRO effective until November 15, 2020.  (Landrum Aff. Ex. H.)  Plaintiff was charged with violating the HRO on December 24, 2018 (Landrum Aff. Ex. J), and a Criminal Domestic Abuse No Contact Order was issued forbidding Plaintiff from being outside his vehicle within 100 yards of his ex-wife's residence (Landrum Aff. Ex. K).

In this action, Plaintiff brings claims pursuant to the First and Fourteenth Amendments, via 42 U.S.C. § 1983; a claim challenging the constitutionality of Minn. Stat. § 518.06, Minnesota's dissolution of marriage statute; and a disability discrimination claim under 42 U.S.C. § 12101.  (Compl. ¶¶ 4, 7.)  Plaintiff seeks declaratory relief, *inter alia*, rendering Minn. Stat. § 518.06 unconstitutional and vacating the Judgment and Decree.  (Compl. Req. Relief.)  He also "seeks injunctive relief to prohibit state judges from operating under color of law," as well as $300,000 in damages

---

[1] The Court considers the Judgment and Decree and other state court filings cited herein as matters of public record.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

from Judge Schurrer.  (*Id.*)  Plaintiff attached an exhibit to his Complaint in which he expounds on his claims.  (*See* Compl. Ex. 1 [Doc. No. 1-1].)

On January 16, 2019, Plaintiff filed a motion to stay the state criminal proceeding brought against him for allegedly violating the HRO.  (Pl.'s Mot. Suspend [Doc. No. 6].) On January 17, 2019, Defendants filed a motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).  (Defs.' Mot. Dismiss [Doc. No. 9].)  Defendants also opposed Plaintiff's motion to stay the state criminal proceeding.  (Defs.' Mem. Supp. Mot. Dismiss and Opp'n Mot. Suspend at 1 [Doc. No. 12].)  Plaintiff filed a memorandum in opposition to the motion to dismiss [Doc. No. 21], but Plaintiff did not attend the motion hearing on March 4, 2019 (*see* Ct. Mins. [Doc. No. 31]).

## II.     Legal Standards

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for lack of subject matter jurisdiction.  A party contesting subject matter jurisdiction may mount either a facial challenge or a factual challenge to a court's jurisdiction.  *See Osborn v. United States*, 918 F.2d 724, 729–30 & n.6 (8th Cir. 1990). On a facial attack, the court limits its consideration to the allegations of the complaint. *Id.* at 729 & n.6.  On a factual attack, the court may consider matters outside the pleadings without converting the motion to one for summary judgment.  *Id.*  Here, Defendants mount a facial challenge to the Court's subject matter jurisdiction.

On a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must take the well-pleaded allegations of the complaint as true, and

3

construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader." *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court has the duty to construe liberally a pro se party's pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Generally, a court may not consider matters outside the pleadings in assessing the sufficiency of a complaint under the Rule 12(b)(6) standard. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). A court may make exceptions to this rule for matters of public record, materials "necessarily embraced by" the complaint, and exhibits submitted with the complaint. *Id.* (citations omitted).

### III. Discussion

#### A. Judicial Immunity

Defendants argue they are entitled to absolute judicial immunity on all claims. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967) (citing *Bradley v. Fisher*, 13 Wall. 335 (1872)). Judges are absolutely immune from civil lawsuits alleging misconduct during the performance of their judicial functions, "even when the judge is accused of acting

4

maliciously and corruptly." *Pierson*, 386 U.S. at 554.  There are two exceptions to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).

Plaintiff alleges here that Judge Schurrer entered the Judgment and Decree outside his judicial capacity and without jurisdiction because Minn. Stat. § 518.06 is unconstitutional on its face.  (Compl. ¶¶ 20–21.)  Plaintiff further alleges that Judge Schurrer acted in the absence of jurisdiction because Judge Schurrer did not consider the best interests of the child in determining custody, did not find "demonstrable harm" before granting full custody to Plaintiff's ex-wife, did not establish by clear and convincing evidence that Plaintiff's parental rights should be terminated, and wrongly considered Plaintiff's religious beliefs and ADHD diagnosis.  (Compl. ¶¶ 24–26, 35, 37; Compl. Ex. 1 ¶¶ 24, 26, 27–28, 30, 32–33.)

The Court finds that the alleged acts of Judge Schurrer (and Judge Jude and Judge Hoffman, for that matter)—issuing orders and entering judgments—were indisputably judicial in nature.  *See Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012).  Moreover, as a party to the cases before those judges, Plaintiff was dealing with the judges in their judicial capacities.  *See id.*

The Court further finds that that all three judges acted within their jurisdiction.  Minnesota state district courts are courts of general jurisdiction.  *See* Minn. Stat. § 484.01, subd. 1.  The scope of a judge's jurisdiction should be construed broadly when

5

judicial immunity is at issue. *Schottel*, 687 F.3d at 373 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Even if Judge Schurrer, Judge Jude, and Judge Hoffman erred in some manner in adjudicating the marital dissolution petition, child custody determination, or HRO petitions, such an error would not deprive them of jurisdiction. *See Stump*, 435 U.S. at 356.

With respect to Plaintiff's argument that Judge Schurrer acted without jurisdiction because Minn. Stat. § 518.06 is unconstitutional, Plaintiff contends that § 518.06 is unconstitutional on its face because it "is a legislative encroachment upon the judicial branch."[2] (Compl. Ex. 1 ¶ 20.) Because Judge Schurrer acted pursuant to the statute, Plaintiff argues, Judge Schurrer acted in a legislative, not a judicial, capacity. (*Id.*) This argument is nonsensical. A judicial order or judgment issued pursuant to a statute is not transformed into a legislative act by virtue of the statutory authority for the order or judgment.

Plaintiff also alleges that article XII, section 1, of the Minnesota Constitution prohibits the Minnesota Legislature from passing laws pertaining to divorce, which renders Minn. Stat. § 518.06 unconstitutional on its face. (Compl. Ex. 1 ¶ 19.) The relevant constitutional provision states in relevant part:

> In all cases when a general law can be made applicable, a special law shall not be enacted except as provided in section 2. Whether a general law could have been made applicable in any case shall be judicially determined without regard to any legislative assertion on that subject. The legislature shall pass no local or special law . . . granting divorces . . . . The inhibitions

---

[2] To prevail on a facial challenge to a statute, "the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987).

6

> of local or special laws in this section shall not prevent the passage of
> general laws on any of the subjects enumerated.

Minn. Const. art. XII, § 1. A "general law" is a "statute relating to persons or things as a class, whereas a "special law" is "one relating to particular persons or things of a class." *State v. Dakota Cty.*, 171 N.W. 801, 802 (Minn. 1919). Even if a law creates separate classes to which it applies different rules, a law is general as long as it is uniform in operation. *Visina v. Freeman*, 89 N.W .2d 635, 651 (Minn. 1958). Here, Minn. Stat. § 518.06 does not relate to particular persons or things of a class, but relates to persons as a class. Even if the statute could be read to create separate classes for which there are separate rules, Plaintiff supplies no allegation, legal authority, or reason to believe that the law is not uniform in operation. Consequently, the Court concludes that § 518.06 is a general law authorized by the Minnesota Constitution.

Finally, Plaintiff argues that § 518.06 is unconstitutional on its face because it does not provide an opportunity to contest the cause of action. (Compl. Ex. 1 ¶ 21.) But another statute in the same chapter—Minn. Stat. § 518.13, subd. 2—does provide such an opportunity. As relevant here, § 518.06, subd. 1, provides that "[a] dissolution of a marriage shall be granted by a county or district court when the court finds that there has been an irretrievable breakdown of the marriage relationship." When a party denies there has been an irretrievable breakdown, § 518.13, subd. 2, directs the court to "consider all relevant factors, including the circumstances that gave rise to the commencement of the proceeding and the prospect of reconciliation, and shall make a finding whether the marriage is irretrievably broken." This statute provides an opportunity to contest a divorce.

For the reasons set forth above, the Court concludes that Judge Schurrer, Judge Hoffman, and Judge Jude are entitled to judicial immunity, and all claims against them should be dismissed with prejudice.

### B.     Constitutional Challenge to Minn. Stat. § 518.06

To the extent Plaintiff intended to directly challenge the constitutionality of Minn. Stat. § 518.06, the Court recommends that the claim be dismissed.  First, Plaintiff has failed to state a plausible claim for relief for the reasons discussed immediately above. Second, state court judges who are sued in their individual capacities are not proper defendants to a challenge to the constitutionality of a state statute.  *See Mikhail v. Kahn*, 991 F. Supp. 2d 596, 620 (E.D. Pa.), *aff'd*, 572 F. App'x 68, 2014 WL 3309172 (3d Cir. 2014) ("Where judges act as adjudicators, as here, they are not the proper defendants in a § 1983 suit challenging the constitutionality of a statute.").  Third, Plaintiff has not filed a notice of constitutional question as required by Federal Rule of Civil Procedure 5.1(a).

### C.     The *Rooker-Feldman* Doctrine and *Younger* Abstention Doctrine

As an alternative basis for dismissal, Defendants argue that Plaintiff's claims based on prior state court orders and judgments are barred by the *Rooker-Feldman* doctrine[3] and ask the Court to abstain from interfering with ongoing state court proceedings under *Younger v. Harris*, 401 U.S. 37 (1971).

Under the *Rooker-Feldman* doctrine, litigants may not bring suit in federal district court "complaining of injuries caused by state-court judgments rendered before the

---

[3]  This doctrine is named after the two Supreme Court cases from which it derived: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals. v. Feldman*, 460 U.S. 462 (1983).

8

federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Generally, state appellate courts review state district court decisions, with any subsequent federal review limited to the United States Supreme Court under 28 U.S.C. § 1257. As such, federal "appellate jurisdiction to reverse or modify a state-court judgment is lodged . . . exclusively in [the Supreme Court]." *Exxon Mobil Corp.*, 544 U.S. at 283. In other words, with the exception of habeas corpus petitions, the federal district courts lack subject matter jurisdiction to review state-court rulings. *Id.* at 292 n.8.

*Rooker-Feldman* applies not only to "the rare case styled as a direct appeal," *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004), but also attempts to litigate different claims that are nevertheless "inextricably intertwined" with the state-court judgment, *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *see Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492 (8th Cir. 2000) ("The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions."). The *Rooker-Feldman* doctrine is frequently applied to bar federal-court challenges to state-court divorce and custody proceedings. *E.g.*, *O'Grady v. Anoka Cty. Bd. of Comm'rs*, 333 F. App'x 147, 147–48, 2009 WL 3208736, at *1 (8th Cir. 2009); *Ballinger v. Culotta*, 322 F.3d 546, 549 (8th Cir. 2003); *Christ's Household of Faith v. Ramsey Cty.*, 618 F. Supp. 2d 1040, 1044–47 (D. Minn. 2009).

There are four requirements for *Rooker-Feldman* to apply:

> (1) the federal court plaintiff must have lost in state court, (2) the plaintiff must complain of injuries caused by a state court judgment, (3) the plaintiff

>must invite district court review and rejection of that judgment, and (4) the
>state court judgment must have been rendered before the district court
>proceedings commenced.

*Christ's Household of Faith v. Ramsey Cty.*, 618 F. Supp. 2d 1040, 1044 (D. Minn. 2009) (citing *Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1156-57 (8th Cir. 2007)). All four requirements are present here with respect to the Judgment and Decree. First, Plaintiff "lost" in state court to the extent that a divorce was granted and his ex-wife received sole legal and physical custody of their daughter. Second, these alleged injuries were a direct result of the Judgement and Decree. Third, Plaintiff has asked this Court to review the Judgment and Decree and declare it null and void. Fourth, the Judgment and Decree was entered before this case was filed. Consequently, claims stemming from the Judgment and Decree are barred by *Rooker-Feldman*.

To the extent Plaintiff is challenging the ongoing state court proceeding pertaining to the alleged violation of the HRO, that claim would be precluded by the *Younger* abstention doctrine. Under *Younger*, "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012). These three factors are present here. First, there is an HRO in effect, and Plaintiff was charged with violating it on December 24, 2018. Second, Minnesota has important state interests in protecting the authority of its judicial system, *see Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 n.12 (1987), and in protecting individuals through the enforcement of HROs. Third, Plaintiff may raise his constitutional challenge and any

other federal claims in the state court proceeding. Accordingly, abstention is warranted here. Plaintiff's motion to stay the criminal proceeding should be denied on the same grounds.

### D. Other Bases for Dismissal

Defendants present several other bases for dismissal such as insufficient factual allegations against Judge Hoffman and Judge Jude, qualified immunity, and Eleventh Amendment immunity. The Court need not address these arguments in light of the grounds for dismissal discussed above.

Based on the above and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendants Gary R. Schurrer, John C. Hoffman, and Tad V. Jude's Motion to Dismiss [Doc. No. 9] be **GRANTED**, and all claims be **DISMISSED WITH PREJUDICE**; and

2. Plaintiff Michael S. Sayen's Motion to Suspend Criminal Cases of Harassment Restraining Order Associated with Case Until Completion of Federal Lawsuit [Doc. No. 6] be **DENIED**.

Dated: April 4, 2019        s/ *Hildy Bowbeer*
                            HILDY BOWBEER
                            United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under District of Minnesota Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the formatting parameters set forth in LR 72.2(c).